UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case No.**

RICHARD RASHBAUM

       Plaintiff,

vs.

CELEBRITY CRUISES, INC. and
ROYAL CARIBBEAN CRUISES, LTD.

       Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RICHARD RASHBAUM, sues the Defendants, CELEBRITY CRUISES, INC. and ROYAL CARIBBEAN CRUISES, LTD, for negligence, and in support thereof alleges:

1. Plaintiff is a resident of the state of Florida and a citizen of the United States of America.

2. Defendant CELEBRITY CRUISES, INC. is a subsidiary of Defendant ROYAL CARIBBEAN CRUISES, LTD. Both Defendants are referred to collectively hereinafter as "Defendants".

3. Defendants are and were at all times material hereto based in Miami, Florida, and at all times material hereto, operated, conducted, engaged and/or carried on a business or business venture in Miami, Florida as a common carrier by water for hire, and, furthermore, owned, managed and/or operated the vessel known as the *Edge*.

4. The Plaintiff was issued one of Defendants' customary passenger ticket contracts for a cruise aboard the *Edge* as a paying passenger for a cruise vacation.

5. Venue in this district is appropriate inasmuch as Defendants are based here and because Defendants have a forum selection clause in their passenger ticket contract requiring suit be brought here.

6. The Plaintiff has complied with all conditions precedent to bringing suit, inclusive of providing timely notice and timely filing the instant suit in accordance with the Defendants' customary passenger ticket contract.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. §§1332, Diversity Jurisdiction, and Plaintiff is filing suit in this Court because Defendants' passenger ticket mandates he do so, and under diversity jurisdiction, and not federal question jurisdiction or maritime law.

8. Plaintiff was at all times material *sui juris*.

9. On or about April 11, 2019, Plaintiff visited the Solarium on Deck 14 of the *Edge*.

10. The Solarium has an open floor area with numerous lounge chairs for passenger use.

11. The Plaintiff proceeded to an unoccupied lounge chair and began to use the chair.

12. The Plaintiff did not move the lounge chair from the placement in which he found it.

13. The lounge chair used by the Plaintiff was supported by two sets of metal legs, one set near the foot end of the chair and one set near the head end of the chair. The legs at the head end of the chair were wider than the frame of the chair and wider than the legs at the foot end of the chair, thereby causing the legs at the head end of the chair to protrude outward from the side of the frame.

14. The protruding legs at the head end of the chair present a tripping hazard.

15. To exit the Solarium, Plaintiff stood up from the left side of the chair and proceeded to walk along the side and toward the head end of the chair.

16. As Plaintiff passed the head end of the chair, his left leg struck the protruding chair leg.

17. The contact with the protruding chair leg caused severe laceration to Plaintiff's leg and other injuries.

18. The placement of this type of lounge chair in the Solarium constituted an unsafe or foreseeably hazardous condition.

19. This unsafe and hazardous condition was not open and obvious, particularly to Plaintiff.

20. Plaintiff was unaware of the dangerous condition, and a reasonable person would not have discovered the danger through the use of the person's ordinary senses.

21. Defendants created the dangerous condition.

22. Where a cruise line, such as Defendants herein, creates the unsafe or foreseeably hazardous condition, a plaintiff need not prove that the cruise line had actual or foreseeable notice of the condition in order to show negligence.

23. Additionally or alternatively, Defendant had actual or constructive notice of the condition by, inter alia, the length of time the condition existed; the size or nature of the condition; or the fact that the condition, a similar condition, or the cause of the condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity.

24. Thus, the condition was reasonably foreseeable and in the exercise of reasonable care, the Defendants should have known about it.

25. Defendants had notice of the condition for a sufficient interval of time to invite corrective measures.

26. Defendants owed Plaintiff the duty to exercise reasonable care under the circumstances.

27. Defendants, by and through their agents or employees, including, without limitation, their crew aboard the *Edge*, breached their duty and were thus negligent, including, without limitation, as follows:

1. Failing to warn of a danger known to Defendants in places to which the passenger is invited or may reasonably be expected to go;

2. Failing to warn of the Solarium's dangerous condition;

3. Failing to provide a reasonable safe area under the circumstances for passengers to traverse;

4. Failing to inspect the area for safety purposes;

5. Failing to properly and reasonably monitor the area;

6. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

7. Failing to implement a method of operation that was reasonable and safe and would prevent dangerous conditions such as the one in this case;

8. Failing to train and supervise crewmembers on Defendant's rules and regulations applicable to safety;

9. Allowing the dangerous condition to exist and not correcting the condition; and/or

10. Allowing an ongoing, recurring, continuous or repetitive problem to occur or to remain on the premises that would cause accidents or injuries.

28. As a direct and proximate result of the negligence of the Defendants, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and/or treatment, transportation costs, loss of earnings, loss of the ability to earn money, and/or an aggravation of a previously existing condition. All or part of the Plaintiff's losses are permanent and/or continuing in nature, and Plaintiff shall continue to suffer from those losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendants, together with applicable costs, and any other relief deemed just and appropriate by this Honorable Court, and further demands trial by jury of all issues so triable.

Dated this 19th day of March, 2020.

                                            Respectfully submitted,

                                            BAISDEN & PEREZ, LLC
                                            400 N Pine Island Rd
                                            Suite 200
                                            Plantation, Fl 33324
                                            Telephone:  (954)749-0500
                                            Facsimile:  (954) 749-3008

                                             /s/ Alexander Baisden
                                            **Alexander Baisden**
                                            Florida Bar No.: 0099698
                                            Primary e-mail: alex@baisdenperezlaw.com
                                            Secondary e-mail: michele@baisdenperezlaw.com